IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01765-CNS-KAS

HOLLY MACINTYRE,

     Plaintiff,

v.

THE SUPREME COURT OF COLORADO, and the Justices thereof, in their official capacities, and
JP MORGAN CHASE BANK N.A.,

     Defendants.

---

## ORDER

---

Before the Court is United States Magistrate Judge Kathryn A. Starnella's Recommendation on three motions: Defendant JP Morgan Chase Bank N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 38; the State Judicial Defendants' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss the Second Amended Complaint, ECF No. 40; and Defendant Chase's Motion to Impose Pre-Filing Restrictions on Plaintiff Holly McIntyre, ECF No. 46. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation, and GRANTS the three motions.

## I.  SUMMARY FOR PRO SE PLAINTIFF

Magistrate Judge Starnella recommends granting the two motions to dismiss your second amended complaint and the motion for pre-filing restrictions. You filed objections

to the Recommendation, so the Court reviewed the issues you objected to *de novo*, meaning that it conducted its own analysis and did not simply accept Magistrate Judge Starnella's Recommendation.

First, Magistrate Judge Starnella recommends granting the Judicial Defendants' motion to dismiss because the Eleventh Amendment bars lawsuits brought by individuals against state officials. Magistrate Judge Starnella found that none of the exceptions to this rule apply, and the Court agrees.

Second, Magistrate Judge Starnella recommends granting Defendant Chase's motion to dismiss, finding that you cannot relitigate whether Chase is a "state actor" because the prior federal lawsuit had already decided that issue. The Court agrees.

Third, Magistrate Judge Starnella recommends granting Defendant Chase's motion for pre-filing restrictions, which would bar you from filing anything new related to the Jefferson County foreclosure unless you were represented by an attorney or the Court grants you permission. Magistrate Judge Starnella found that your 14 actions regarding the same foreclosure illustrate an abusive history of litigation, and the Court agrees.

After considering the arguments raised in your objection and reviewing all the related briefing, the Court overrules your objection and affirms and adopts Magistrate Judge Starnella's Recommendation. The Court will explain why it is doing so below and will discuss the legal authority that supports this conclusion.

## II.  BACKGROUND[1]

Plaintiff was the owner of residential real estate property located in Jefferson County, Colorado until January 2016. ECF No. 31, ¶ 1. Plaintiff had purchased the property with a $100,000 mortgage loan and a Promissory Note and Deed of Trust, which were assigned to Defendant Chase. ECF No. 46 at 3. Plaintiff filed for bankruptcy in September 2010 and received a discharge of her obligations under the Note. *Id.* In February 2012, Defendant Chase initiated a Rule 120 non-judicial foreclosure proceeding, during which the Jefferson County District Court affirmed Plaintiff's default and Chase's standing to foreclose on the property. *Id.* Plaintiff filed a lawsuit in state court in April 2012 in response to the Rule 120 proceeding, which was removed to federal court. *Id.* at 6.[2] The United States District Court for the District of Colorado dismissed the action in March 2015, which the Tenth Circuit affirmed. *Id.*[3]

Meanwhile, Defendant Chase decided to pursue the foreclosure through a judicial action, so the Rule 120 proceeding was dismissed. *Id.* at 3. In December 2014, Defendant Chase obtained a judicial foreclosure against Plaintiff. ECF No. 31, ¶ 2.[4] Plaintiff appealed Defendant's judicial foreclosure to the Colorado Court of Appeals. *Id.*, ¶¶ 2–3.[5] After filing the notice of appeal, Plaintiff filed three motions to stay the foreclosure judgment, which were denied. *Id.*, ¶¶ 9–12.

---

[1] These background facts are taken from Plaintiff's objection to Magistrate Judge Starnella's Recommendation, ECF No. 65 at 22–23, from Plaintiff's second amended complaint, ECF No. 31, and from Defendant Chase's motion for pre-filing restrictions, ECF No. 46.
[2] *MacIntyre v. JP Morgan Chase Bank*, No. 12-CV-02586, 2014 WL 3766229 (D. Colo. Sept. 28, 2012).
[3] *MacIntyre v. JP Morgan Chase Bank*, 644 F. App'x 806, 808 (10th Cir. 2016).
[4] *JP Morgan Chase Bank v. MacIntyre*, No. 13CV32183 (Colo. Dist. Ct., Jefferson Cnty. Dec. 16, 2014).
[5] *JP Morgan Chase Bank v. MacIntyre*, No. 2015CA111 (Colo. App. April 28, 2016).

In June 2013, Plaintiff initiated a second federal lawsuit in the District of Colorado.[6] ECF No. 46 at 10. In light of the foreclosure judgment and Plaintiff's appeal, the court administratively closed the case in February 2015. *Id.*

In December 2015, Plaintiff sued the Colorado Supreme Court and Defendant Chase in Denver District Court, seeking a temporary restraining order to halt the sale of the property. *Id.*, ¶¶ 22–29.[7] Plaintiff's property was scheduled to be sold at a sheriff's sale on January 21, 2016. *Id.*, ¶ 22, 28–29. The temporary restraining order was denied, and the foreclosure sale was executed. *Id.*, ¶¶ 33, 35. On February 4, 2016, the Denver District Court stayed further proceedings pending resolution of Plaintiff's appeals. *Id.,* ¶ 39. On April 28, 2016, the Colorado Court of Appeals affirmed the foreclosure judgment. *Id.*, ¶¶ 40, 46.

Plaintiff then filed a petition for writ of certiorari with the Colorado Supreme Court, arguing that the Colorado Court of Appeals had ruled without jurisdiction because the foreclosure sale had, she claimed, made the appeal moot. *Id.,* ¶ 47. She then filed a motion to dismiss the appeal to the Colorado Supreme Court as moot, which was granted. *Id.,* ¶¶ 49–51.

Back in the Denver District Court, on July 25, 2017, the court dismissed Plaintiff's complaint as moot because the Colorado Court of Appeals had resolved the issue by affirming the foreclosure judgment. ECF No. 31, ¶¶ 54–57; ECF No. 46 at 6. Plaintiff appealed the dismissal, but the appellate court affirmed it. *Id.* at ¶ 60.[8]

---

[6] *MacIntyre v. J.P. Morgan Chase Bank*, No. 13-cv-01647 (D. Colo. June 24, 2013).
[7] Civil Action No. 15CV708.
[8] *MacIntyre v. Supreme Court of Colorado and JP Morgan Chase Bank,* 2017CA1599 (Colo. App. Apr. 22, 2019).

On January 18, 2019, Plaintiff filed a third lawsuit in the District of Colorado, seeking relief against Defendant Chase for allegedly using falsified documents in the foreclosure trial. *Id.* at ¶ 73.[9] The court dismissed the case with prejudice for lack of subject matter jurisdiction, agreeing with Defendant Chase that the state court judgment implicated the *Rooker-Feldman* doctrine, and awarded Defendant Chase attorneys fees. *Id.* at ¶¶ 78–80. Plaintiff appealed, and the Tenth Circuit affirmed the dismissal and the award of attorneys fees. *Id.*, ¶ 83.

In May 2019, Plaintiff filed a claim in the U.S. Bankruptcy Court for the District of Colorado, arguing that Defendant Chase violated the bankruptcy discharge order from 2011.[10] ECF No. 46 at 10. The Bankruptcy Court granted Defendant Chase's motion to dismiss. *Id.* Plaintiff appealed to the Tenth Circuit's Bankruptcy Appellate Panel, which affirmed the order on April 3, 2020.[11] Plaintiff also appealed that order, which the Tenth Circuit affirmed.[12] In March 2021, Plaintiff petitioned the United States Supreme Court for a writ of certiorari, which was denied. *Id.* at 14.

 On December 2, 2020, Plaintiff filed a fourth complaint against the Judicial Defendants and Defendant Chase with the District of Colorado. *Id.* This Court dismissed that case on June 28, 2023.[13] *Id.*

Less than a month after the dismissal, on July 11, 2023, Plaintiff filed the Complaint in the current action. ECF No. 1. On December 26, 2023, Plaintiff filed a Second Amended

---

[9] *MacIntyre v. JP Morgan Chase, N.A.*, No. 19-cv-00172-DDD-NYW (D. Colo. 2019).
[10] *In re MacIntyre*, No. AP 19-01136, (Bankr. D. Colo May 28, 2019).
[11] *In re MacIntyre*, No. AP 19-01136, 2020 WL 1651619, at *8 (10th Cir. BAP Apr. 3, 2020).
[12] *In re MacIntyre*, 850 F. App'x 634, 638 (10th Cir. 2021).
[13] *MacIntyre v. Supreme Ct. of Colorado*, No. 1:20-CV-03559, 2023 WL 4230603, at *4 (D. Colo. June 28, 2023).

Complaint. Defendants filed motions to dismiss, ECF Nos. 38, 40, and a motion to impose pre-filing restrictions on Plaintiff, ECF No. 46.

On July 12, 2024, Magistrate Judge Starnella issued her Recommendation to grant the three motions. On August 15, 2025, Plaintiff objected to the Recommendation, arguing that (1) there were factual errors and omissions in the recommendation; (2) issue preclusion does not bar relitigation of the sovereign immunity issue in the current case; and (3) plaintiff has never engaged in meritless litigation warranting pre-filing restrictions.

## III.  STANDARD OF REVIEW AND LEGAL STANDARD

### A.  Rule 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St*., 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B.  Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12, the court may dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A court lacking jurisdiction cannot render judgment. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.

1974). The party invoking the federal court's jurisdiction bears the burden of establishing subject matter jurisdiction. *Id.* Rule 12(b)(1) motions take two forms: either a "facial attack on the complaint's allegations as to subject matter jurisdiction [that] question the sufficiency of the complaint" or a "challenge [to] the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States,* 531 U.S. 425 (2001). In reviewing a facial attack on the complaint, "the court presumes all of the allegations contained in the complaint to be true." *MacIntyre v. Supreme Court of Colorado,* No. 20-cv-03559-CNS-SKC, 2023 WL 4230603, at *1 (D. Colo. June 28, 2023) (citing *Ruiz v. McDonnel*, 299 F.3d 1173, 1180 (10th Cir. 2002)).

### C. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" and conclusory allegations without supporting facts contained in the complaint are not entitled

to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *S. Disposal, Inc. v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## IV.   ANALYSIS

In accordance with Federal Rule of Civil Procedure 72(b)(3), the Court has conducted a *de novo* review of those parts of the Recommendation to which Plaintiff properly objected. The Court concurs with the analysis of Magistrate Judge Starnella and overrules each of Plaintiff's objections.

### A.  Judicial Defendants' Motion to Dismiss

In her second amended complaint, Plaintiff raises two claims against the Judicial Defendants: (1) that "the judgment in Case Number 13CV32183, Jefferson County District Court, is constitutionally infirm," and (2) that the judgment in that case "is not entitled to the full faith and credit bestowed by 28 U.S.C. § 1738." ECF No. 31, ¶¶ 22, 26. She requests that the Court enter "a judgment enjoining all Colorado courts from giving preclusive effect to the judgment in Case Number 13CV32183" and "a judgment declaring that *Van Schaack Holdings v. Fulenwider,* 798 P.2d 424, 427 (Colo. 1990), as applied, is unconstitutional." *Id.* at 27.

The Judicial Defendants argue, in their motion to dismiss, that the Court lacks subject matter jurisdiction because (1) claims against them in their official capacity are barred by Eleventh Amendment sovereign immunity; (2) they are entitled to legislative

and judicial immunity; (3) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments," *Lance v. Dennis*, 546 U.S. 459, 463 (2006), (4) the Colorado Supreme Court is not a "person" subject to 42 U.S.C. § 1983, and (5) Plaintiff's claims are time-barred. ECF No. 40 at 7–16.

In her objection, Plaintiff claims that there are factual errors and omissions in the Recommendation. However, the Court finds that these alleged errors, even if true, are immaterial to the substance of the Recommendation. First, Plaintiff claims that Magistrate Judge Starnella misquoted the second amended complaint by stating that it was Plaintiff who filed a copy of the Colorado Court of Appeals' denial with the court, when it was actually Defendant Chase. ECF No. 65 at 4. However, it is immaterial who filed the denial. Plaintiff also contests the conclusion that there was a "prior finding" about judicial immunity in the previous federal lawsuit. However, this objection is another attempt to reframe the issue; as explained below, the Court did issue a prior finding about judicial immunity. Plaintiff also argues that Magistrate Judge Starnella mischaracterized the dismissal of the Colorado Supreme Court petition as voluntary, when Plaintiff characterizes it as involuntary. However, this distinction is not material to the issues at hand.

### 1. Eleventh Amendment Immunity

Magistrate Judge Starnella found that, as the Judicial Defendants argued, the Eleventh Amendment bars the claims against them. The Court agrees. The Court in Plaintiff's prior federal lawsuit held the same: "Plaintiff's claims against the State Judicial Defendants are properly deemed claims against the State of Colorado" and "the Eleventh

Amendment generally bars suits brought by individuals against state officials acting in their official capacities." *MacIntyre v. Supreme Court of Colorado*, No. 1:20-cv-03559-CNS-SKC, 2023 WL 4230603, at *4 (D. Colo. June 28, 2023), *citing Muskogee (Creek) Nation v. Oklahoma. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). The Court in the prior case held that none of the three exceptions to Eleventh Amendment immunity applied: the state had not waived its immunity, Congress had not abrogated immunity via federal statute, and the plaintiff was not seeking prospective injunctive relief. *Id.* So the suit was barred.

Additionally, the Court found that the Judicial Defendants had legislative immunity, because Plaintiff was challenging procedural rules that the Colorado Supreme Court had promulgated through its legislative power, so the Judicial Defendants were entitled to both sovereign immunity and legislative immunity. *Id.* at 3 (citing Colo. Const. art. VI, § 21). Magistrate Judge Starnella found that the Judicial Defendants are still entitled to sovereign and legislative immunity in the present case, and the Court agrees, for all the same reasons as described in the prior case.

Plaintiff then argues that the *Ex parte Young* exception to the Eleventh Amendment bar to suit applies because she is seeking prospective relief from ongoing harm. ECF No. 31, ¶ 114. In making this determination, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* at 1316 n.10 (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). The Judicial Defendants argue that Plaintiff is truly seeking vindication of past rights against state officers, because she is seeking a declaration that they violated her constitutional rights in the past. ECF No. 40

at 8–9. Magistrate Judge Starnella agrees, as does the Court. As Magistrate Judge Starnella reiterates, the *Ex parte Young* exception "does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suit against the States and their agencies." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (internal citations omitted). The Court agrees that the claims against the Judicial Defendants are properly deemed claims against the State of Colorado, and so the *Ex parte Young* exception cannot apply.

Plaintiff also does not establish the second prong of the exception. Plaintiff argues that there is an ongoing violation: the "ongoing preclusive effect of the [initial foreclosure] judgment." ECF No. 59 at 7, ECF No. 62 at 15. Plaintiff argues in her objection that the relief is prospective, because giving preclusive effect on an ongoing basis constitutes ongoing harm. ECF No. 65 at 13. However, as Magistrate Judge Starnella articulated, this argument lacks merit. First, Magistrate Judge Starnella found that there are no Colorado courts currently giving preclusive effect to the final judgment in the Jefferson County District Court case, so Plaintiff has not alleged ongoing or future harm. Second, divesting the "preclusive effect" of a prior judgment is akin to invalidating that judgment, which is not prospective relief. *See Rio Grande Silvery Minnow v. Bureau of Reclamation,* 601 F.3d 1096, 1132 (10th Cir. 2010) (stating that "vacatur is appropriate to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences."). Plaintiff objects to this conclusion, stating that it is unclear how the *Rio Grande* holding "translates into evidence that MacIntyre is asking this federal Court to vacate a state-court judgment it cannot review." ECF No. 65 at 14. However, the *Rio Grande* holding is simply stating the legal effects of vacating a prior judgment. The point

is that the relief Plaintiff seeks from the preclusive effects of the prior judgment is not prospective relief, because it is akin to vacatur. She is seeking "a judgment enjoining all Colorado courts from giving preclusive effect to the judgment," which is redress for past wrongs. ECF No. 31, ¶ E(1). The Court agrees that Plaintiff has not articulated any ongoing harm and is not seeking prospective relief, so Plaintiff's claims against the judicial Defendants do not fall within the *Ex parte Young* exception.

### 2. Issue Preclusion

Magistrate Judge Starnella also found that Plaintiff is collaterally estopped from relitigating the issue of the Judicial Defendants' sovereign immunity, and the Court agrees.

Issue preclusion "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009). The elements of issue preclusion are: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Chavez v. Bd. of Cnty. Comm'rs of Lake Cnty.*, 423 F. Supp. 3d 1106, 1111 (D. Colo. 2019) (quoting *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992)). "Issue preclusion applies even when a prior decision 'never reached the merits'; that is, 'dismissals for lack of jurisdiction preclude future relitigation of that jurisdictional question.'" *Boulter v. Noble Energy Inc.*, No. 23-1118, 2024 WL 1526289, at *3, *4 (10th Cir. Apr. 9, 2024) (citing *Boulter v. Noble Energy Inc.*, 74 F.4th 1285, 1289 (10th Cir.

2023) (finding elements of issue preclusion were satisfied where the prior court had "made a final determination on jurisdiction, which [the plaintiffs] did not appeal")).

The Court agrees with Magistrate Judge Starnella that all four elements of issue preclusion are met here. First, the issue was litigated in *MacIntyre v Supreme Court of Colorado*, 2023 WL 4230603 at *2, *4, where the Court held that the Judicial Defendants were entitled to sovereign immunity. Second, the prior action was finally adjudicated; it was dismissed for lack of jurisdiction, which satisfies the second element. *Boulter*, 74 F.4th at 1289. Third, the parties are the same: Plaintiff and the Judicial Defendants. Fourth, Plaintiff had a full and fair opportunity to litigate the issues; she had the opportunity to file responses to the motions to dismiss, and to object to the magistrate judge's recommendation for dismissal. The district judge considered her objection and Plaintiff did not appeal, so she had a full and fair opportunity to litigate the issues. Finally, no exception to issue preclusion applies: there was no intervening change in the law.

In her present objection, Plaintiff argues that the issue of sovereign immunity was not previously decided, because the Court in the prior lawsuit had found that the Judicial Defendants are entitled to both sovereign and legislative immunity. ECF No. 65 at 9. Plaintiff claims that these are alternative rulings, and so were not fully litigated. The Court disagrees. In the prior lawsuit, the Court did not find that the Judicial Defendants were entitled to sovereign *or* legislative immunity, as alternative rulings; it found that the Judicial Defendants were entitled to *both*, and that each applied to different claims. Additionally, the determination is the same in both cases: Magistrate Judge Starnella also found that the Judicial Defendants were entitled to both types of immunity. The Court overrules this objection.

The Court agrees that all four elements of issue preclusion are satisfied, and so Plaintiff may not relitigate the issue. The Court adopts Magistrate Judge Starnella's Recommendation and grants the Judicial Defendants' motion to dismiss.

## B. Defendant Chase's Motion to Dismiss

Plaintiff brought two claims against Defendant Chase: (1) that the judgment in the Jefferson County District Court is "constitutionally infirm" and (2) that the judgment is not entitled to full faith and credit. In bringing these claims, Plaintiff alleges that Defendant Chase is a state actor based on its "symbiotic relationship" with the Colorado Supreme Court. ECF No. 31, ¶¶ 115–20. In its motion to dismiss, Defendant Chase argues that Plaintiff's claims are improper for a number of reasons, but primarily because the issue of whether Defendant Chase is a state actor has already been litigated and so the claims are barred by issue preclusion. *Id.* In her response, Plaintiff did not respond to Defendant Chase's arguments.  ECF No. 58. Additionally, as Magistrate Judge Starnella noted, Plaintiff does not identify "any factual allegations that substantiate her assertion that Defendant Chase is a 'state actor.'" ECF No. 62 at 18.

Magistrate Judge Starnella found that Plaintiff is collaterally estopped from relitigating whether Defendant Chase is a state actor. The Court agrees. The four factors of issue preclusion are met. First, Plaintiff presented an identical argument in the prior federal lawsuit, *MacIntyre*, 2023 WL 4230603, at *4. Second, the prior action was adjudicated on the merits: the Court held that Defendant Chase is not a state actor. The Court made it clear that "banks do not operate under color of state law, and therefore, cannot be held liable pursuant to § 1983" and "Plaintiff's allegations respecting her 'symbiotic relationship' theory do little more than describe the judicial foreclosure

proceedings that Defendant Chase pursued in state court." *Id*. Third, the parties are the same in both actions. Fourth, Plaintiff had a full and fair opportunity to litigate the issue because she brought up and briefed this argument in the prior lawsuit. Finally, no exception applies, because Plaintiff has not argued that an intervening change in law has occurred.

Plaintiff only objected to the fourth element: that she had a full and fair opportunity to litigate the issue in the prior federal case. Plaintiff detailed the objections she had made to the Magistrate Judge's recommendation in the prior case, and argued that the Court did not properly consider them. Specifically, Plaintiff argues that "the contrivance of attorneys' fees for a purpose other than collecting them, specifically the purpose of keeping a mooted appeal artificially alive, is not a normal feature of foreclosure proceedings." ECF No. 65 at 18. The Court disagrees; the Court in the prior lawsuit was correct in stating that these allegations do little more than describe the proceedings, and so did not need to specifically address the allegation that the attorneys fees were awarded for the purpose of keeping the appeal alive. Additionally, awarding attorneys fees is a normal feature of these proceedings. Here, the primary reason the Court overrules Plaintiff's objection is that Plaintiff had a full and fair opportunity to litigate these issues in the prior case: she had the opportunity to brief these issues and to file objections to the recommendation. The fact that the Court disagreed does not mean that Plaintiff did not have the opportunity to make her arguments.

The Court agrees with Magistrate Judge Starnella that Plaintiff is collaterally estopped from relitigating the issue of whether Defendant Chase is a state actor, so both

of her claims against Defendant Chase fail. The Court therefore adopts the Recommendation and grants Defendant Chase's motion to dismiss.

### C. Pre-Filing Restrictions

Defendant Chase asks the Court to enjoin Plaintiff from "filing additional civil suits in any United States District Court" against Defendant Chase related to the Foreclosure Judgment or "any other subject matter underlying the above-referenced lawsuits" without either prior leave of the Court or the signature of an attorney. ECF No. 46 at 22–23. The Court adopts Magistrate Judge Starnella's recommended pre-filing restrictions.

Federal district courts have the power, under 28 U.S.C. § 1651(a), to enjoin litigants who abuse the court system to harass their opponents. *Id.* at 352 (collecting cases). Thus, courts may impose even onerous conditions on a litigant, so long as those conditions are designed to curb the at-issue abusive behavior and so long as they do not deny the litigant meaningful access to the courts. *Id.* (quoting *Carter v. United States*, 733 F.2d 735, 757 (10th Cir. 1984), *cert. denied*, 469 U.S. 1161 (1985).

Injunctions restricting further filings are appropriate where "(1) 'the litigant's lengthy and abusive history' is set forth; (2) the court provides guidelines as to what the litigant 'must do to obtain permission to file an action'; and (3) the litigant received 'notice and an opportunity to oppose the court's order before it is instituted.'" *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). However, such restrictions must be carefully tailored. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006). Federal courts should not restrict access to state courts, for example, or to the Tenth Circuit or other courts of appeal. Courts also should not restrict filing on any subject matter as to any defendant, because such a

restriction would likely be overbroad. *Id.* the Tenth Circuit has upheld restrictions that "prohibited filings based on the series of transactions described in that initial federal action" where the plaintiff had "focused her efforts on filing actions against the persons, entities, counsel, and insurance companies of the parties involved in [the initial federal action]." *Id.* at 1345.

Magistrate Judge Starnella considered the three *Tripati* factors. As to the first factor, she found that Plaintiff has made numerous attempts to challenge Defendant Chase's foreclosure of her Jefferson County property, including: (1) the initial foreclosure action, 13CV32183 (Colo. Dist. Ct., Jefferson Cnty.); (2) a direct appeal to the Colorado Court of Appeals, 15CA111; (3) a separate and simultaneous state court action against the Colorado Supreme Court, 15CV708 (Colo. Dist. Ct., Denver Cnty.); (4) a state court action that Defendant Chase removed to federal court, No. 12-cv-02586-WJM-MEH (D. Colo.); (5) a direct appeal to the Tenth Circuit, 644 F. App'x 806 (10th Cir. 2016); (6) a second federal lawsuit, No. 13-cv-01647-WJM-MEH (D. Colo.); (7) a claim in bankruptcy court, No. 19-01136 (Bankr. D. Colo.); (8) a direct appeal to the Bankruptcy Appellate Panel, 2020 WL 1651619 (B.A.P. 10th Cir. Apr. 3, 2020); (9) a direct appeal to the Tenth Circuit, 850 F. App'x 634 (10th Cir. 2021); (10) a third federal lawsuit, No. 1:19-cv-00172-DDD-NYW (D. Colo.); (11) a direct appeal to the Tenth Circuit, 827 F. App'x 812 (10th Cir. 2020); (12) a request for a writ of certiorari, cert. denied, 141 S. Ct. 2660 (2021); (13) a fourth federal lawsuit, No. 20-cv-03559-CNS-SKC (D. Colo.); and (14) the current, fifth federal lawsuit, No. 23-cv-01765-CNS-KAS (D. Colo.). *See generally* ECF No. 46 at 4–15; ECF No. 62 at 20.

The Court agrees with Magistrate Judge Starnella that these repeated attempts to challenge the same action constitute a lengthy and abusive history of filing. Plaintiff has made the same arguments, seeking the same essential relief, in over 14 separate lawsuits over 10 years, as Magistrate Judge Starnella detailed. ECF No. 62 at 21. Plaintiff has also indicated that she will continue attempting to adjudicate this same claim: any finding that the mooted foreclosure judgment is entitled to preclusive effect "will constitute a new, independent injury" and "will inaugurate a new, two-year period for adjudication." ECF No. 31, ¶ 93. Magistrate Judge Starnella concluded that unless Plaintiff is enjoined from further litigating this matter, she will not stop filing new lawsuits, as she said she would. ECF No. 62 at 21.

Plaintiff argues that she has not been abusive in how she has pursued these cases. *See* ECF No. 56 at 7. However, repeated and meritless filings are themselves an abuse of process. *In re Sindram*, 498 U.S. 177, 179-80 (1991) ("The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests."). The Tenth Circuit has previously affirmed filing restrictions on *pro se* plaintiffs who were engaged in repetitive and frivolous attempts to stop the sale of their real property, because the "abusive and repetitive filings have strained the resources of this court." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).

Plaintiff objects to this first factor, stating that Magistrate Judge Starnella was not familiar with the 14 prior cases because she did not quote from them. The Court overrules this objection, finding that Magistrate Judge Starnella is sufficiently familiar with these cases, and that quoting from them is not necessary. Plaintiff does correctly object to the

first case, the initial foreclosure action, being used as evidence of abusiveness because it was not brought by her. The Court agrees, but finds that this is not material because 13 lawsuits about the foreclosure remain that she did initiate. The Court reiterates Magistrate Judge Starnella's finding that, despite the different legal arguments in these lawsuits and despite the lawsuits being dismissed for different reasons, the primary relief sought is the same: nullifying the foreclosure. Plaintiff also objects to the conclusion that her lawsuits were meritless and duplicative, stating that they are based on different legal theories, that she was successful in some, and that no court has called them meritless. However, lawsuits do not have to be exact duplicates in order to be repetitive, nor do they need to be described by prior courts as "meritless." The reason Magistrate Judge Starnella found the history of litigation to be meritless is that each is essentially attempting to relitigate the legality of the foreclosure, which many courts have upheld; it is not because Plaintiff did not prevail in those cases. The Court overrules these objections.

Finally, the Court agrees that Plaintiff has not abused the process to the same extent as the plaintiffs in *In re Winslow*, who were much more egregious in their filings. However, the point of *In re Winslow* is to illustrate the Tenth Circuit's willingness to uphold pre-filing restrictions for plaintiffs who have filed many lawsuits about the same foreclosure action. While filing 162 separate cases is much more abusive than filing 13, Plaintiff's use of the courts can still be considered abusive because of the numerous lawsuits about essentially the same issue.

As to the second factor, Magistrate Judge Starnella recommends implementing the following limitations: that Plaintiff be enjoined from pursuing, in this District, any claim relating to the January 2016 foreclosure of her property or the Jefferson County

foreclosure judgment, without the representation of a licensed attorney or the leave of the court to proceed *pro se*. Magistrate Judge Starnella also recommends that Plaintiff be required to file a petition with the Clerk of Court requesting leave to file a *pro se* action that includes: (1) a copy of this Order; (2) a copy of her proposed complaint; (3) a list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of those cases, and a statement indicating the nature of Plaintiff's involvement in the matter and current status or disposition of the proceeding; and (4) a statement, made under penalty of perjury, representing that the claims in the tendered complaint are, to the best of Plaintiff's knowledge, formed after an inquiry reasonable under the circumstances, not frivolous or taken in bad faith, are well-grounded in fact and law, are not interposed for any improper purpose, and have not been raised by her and adjudicated in any prior federal or state action. ECF No. 62 at 23. The Court adopts these recommended restrictions, which it finds are reasonable and not overbroad. These restrictions do not limit access to the Tenth Circuit and are not geographically overbroad. *See Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). These guidelines comply with the second *Tripati* factor.

Third, Plaintiff had the opportunity to file objections to Magistrate Judge Starnella's Recommendation, which she filed. This opportunity to file objections constitutes an opportunity to oppose the pre-filing restrictions, and so the third factor is met. The Court adopts Magistrate Judge Starnella's recommended pre-filing restrictions.

## V.   CONCLUSION

Accordingly, the Court overrules Plaintiff's objections and AFFIRMS and ADOPTS Magistrate Judge Starnella's Recommendation, ECF No. 62, in its entirety as an order of

this Court. Consistent with the above analysis, the Court GRANTS Defendant Chase's motion to dismiss, ECF No. 38; the State Judicial Defendants' motion to dismiss, ECF No. 40; and Defendant Chase's motion to impose pre-filing restrictions on Plaintiff, ECF No. 46. The Clerk of Court is directed to enter judgment in favor of Defendants and to close the case.

Plaintiff is enjoined from pursuing any claim in this District relating to the January 2016 foreclosure of her property or the Jefferson County foreclosure judgment without the representation of a licensed attorney or the leave of the court to proceed *pro se*. Before initiating a new lawsuit in this District, Plaintiff must first file a petition with the Clerk of Court requesting leave to file a pro se action that includes: (1) a copy of this Order; (2) a copy of her proposed complaint; (3) a list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of those cases, and a statement indicating the nature of Plaintiff's involvement in the matter and current status or disposition of the proceeding; and (4) a statement, made under penalty of perjury, representing that the claims in the tendered complaint are, to the best of Plaintiff's knowledge, formed after an inquiry reasonable under the circumstances, not frivolous or taken in bad faith, are well-grounded in fact and law, are not interposed for any improper purpose, and have not been raised by her and adjudicated in any prior federal or state action.

DATED this 27th day of September 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge